# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**                                                      SUPERIOR COURT
                                                              Docket No. 2484CV 474

VOLKAN TURGUT,
*on behalf of himself and
others similarly situated*,

   Plaintiffs,

v.

HITACHI RAIL STS USA, INC.,

   Defendants.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This class action is brought by Volkan Turgut ("Plaintiff") on behalf of himself and all other similarly situated Massachusetts-based employees of Defendant Hitachi Rail Sts USA, Inc. ("Hitachi" or "the Company") who were employed by the Company within the three (3) years prior to the filing of this action through the date of trial.

2. Either by policy, or by practice, Hitachi did not, and does not pay Massachusetts based employees their regular salary/hourly wages within six days after the closing of the payroll cycle during which those wages were earned.

3. Failure to pay employees regular salary wages, or hourly wages, within six days of the closing of the payroll period during which those wages were earned is a violation of the Massachusetts Wage Act, M.G. L. c. 149, § 148 ("Wage Act").

4. Plaintiff seeks, among other forms of relief, statutory treble damages, interest, and attorneys' fees and costs, as provided for by law.

## PARTIES

5. Plaintiff Volkan Turgut ("Turgut") is an adult resident of Boston, Massachusetts.

6. Defendant Hitachi Rail Sts USA, Inc., ("Hitachi") is a corporation, incorporated under the laws of Delaware.

7. Hitachi's principal offices are located in Pittsburg, PA.

8. Hitachi conducts business from within Massachusetts, and has places of business located in Newton, MA as well as in Somerville, MA.

9. From February 17, 2021, until the present, Hitachi has employed at least 40 or more employees in Massachusetts.

## JURISDICTION, VENUE AND STATUTORY PREREQUISITES

10. This action arises under M.G.L. c. 149, §§ 148, 150.

11. This Court has original jurisdiction over this action, as it is a civil action in which more than $50,000 is in controversy.

12. Plaintiffs filed a complaint with the Massachusetts Attorney General prior to filing suit.

13. Venue in the Business Litigation Session is proper, as the matter concerns complex wage-and-hour issues that affect virtually all of ECG's current and former Massachusetts employees.

## STATEMENT OF FACTS

14. Hitachi is a contractor for the MBTA, providing services to it for rail, and other services.

15. The Plaintiff is an employee of Hitachi working from its Somerville, MA location.

16. Plaintiff was hired by Hitachi and began working for Hitachi in January 2023.

17. Plaintiff is a Senior PTC System Signaling Engineer Manager.

18. Plaintiff works five days per week.

19. Plaintiff is paid every other week.

2

20. Hitachi's payroll period is 14 days. For example, if Hitachi's first payroll period day falls on the first day of the month, that payroll period closes on the 14th of that month.

21. Hitachi then pays Plaintiff later than within six days of the closing of any given payroll period during which wages are earned by Plaintiff. By way of example, if Hitachi's payroll period ends on the 14th of a month, Hitachi does not pay Plaintiff on, or before the 20th of that month. Instead, Hitachi pays Plaintiff after the sixth day from the close of the payroll period during which wages are earned.

22. Upon information and belief Hitachi pays all the employees in Massachusetts later than within six days of the closing of the payroll period during which wages are earned and has done so at least since February 17, 2021.

23. Upon information and belief, most, if not all of Hitachi's employees in Massachusetts are not expected to work seven days per week. Most, if not all of Hitachi's employees in Massachusetts do not work seven days a week.

24. Upon information and belief, most, if not all of Hitachi's employees in Massachusetts, work either five, or six days per week.

*THE LATE PAY CLASS*

25. Upon information and belief, Hitachi's payroll practices for regular salary/hourly pay for its employees in Massachusetts are either written policies, or unwritten de-facto policies, which Hitachi follows.

26. Hitachi did not pay each of the Plaintiffs their owed wages within six (6) days within the termination of the pay period during which the wages were earned.

27. Instead, ECG paid earned wages to all Massachusetts employees after the statutorily prescribed period from the termination of the pay period during which the wages were earned.

3

28. Thus, none of the Plaintiffs were paid their earned wages within the time required under Section 148 of Chapter 149.

29. Plaintiffs seek certification of a class of all Hitachi's employees in Massachusetts who received W-2 wages from Hitachi from February 17, 2021, and until the date of trial, who were not paid their wages within six days of the closing of the payroll period during which such wages were earned ("The Late Pay Class").

## CLASS ALLEGATIONS

30. Upon information and belief, Hitachi's failure to pay each of the putative Plaintiffs' wages within six days of the closing of the payroll period during which they were earned was, and is consistent with either its policies, or practices, or both.

31. The members of the Rule 23 class are readily ascertainable because the number and identity of the Rule 23 class members are determinable from Hitachi's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23. This action is properly maintainable as a class action under Mass. R. Civ. P. 23(a)-(b).

32. The Rule 23 putative class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Upon information and belief, there are at least hundreds, if not significantly more, Rule 23 class members for the pertinent period.

33. Plaintiff's claims are typical of those claims which could be alleged by any Rule 23 class member, and the relief sought is typical of the relief which would be sought by each Rule 23 class member in separate actions.

4

34. All the Rule 23 putative class members were subject to the same practices by Hitachi, as alleged herein: non-payment of salary/hourly wages within six days of the closing of the payroll period during which such wages were earned.

35. Plaintiff and other Rule 23 putative class members sustained similar losses, injuries, and damages resulting from Defendant's failure to pay wages in compliance with the Massachusetts Wage Act. Plaintiff and the putative Rule 23 class members have all been injured in that they have been paid late due to Defendant's common policies, practices, and patterns of conduct. Defendant's pay policies and practices affected all Rule 23 putative class members similarly, and Defendant benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members.

36. Although the amount of the individual class members' damages may vary depending on their periods of employment, and hours worked and vacation time accrued, those damages are readily ascertainable from the Defendant's financial and employee time records. As a result, common issues of liability predominate over individualized issues of damages.

37. Plaintiff is able to protect the interest of the Rule 23 class members fairly and adequately and has no interests antagonistic to the Rule 23 class members.

38. Plaintiff, and the putative class, are represented by attorneys who are experienced and competent in both employment litigation and class action litigation.

39. A class action is superior to other available methods for the fair and efficient adjudication of these claims, particularly in the context of wage-and-hour litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Among other things, individual adjudications would result in highly

inefficient duplication of discovery, briefing of legal issues, and court proceedings. Moreover, in the absence of class action, the relatively modest amount of each class member's damages likely does not warrant separate legal action. If appropriate, the Court is empowered to fashion methods to efficiently manage this action as a class action.

40. Common, if not identical, questions of law and fact exist as to the Rule 23 class members that predominate over any question only affecting Plaintiffs and the Rule 23 class members individually. These questions include whether Hitachi paid Plaintiff and the putative Rule 23 class members all wages due to them within the timeframe imposed by the Wage Act, or afterwards.

41. Plaintiff seeks certification of one class of similarly situated persons, who: worked or work for Hitachi, and were paid by Hitachi at any time from February 17, 2021, up through the time of judgment, and who were not paid wages by Hitachi within six days of the closing of the closing of the payroll period during which such wages were earned.

## COUNTS OF THE COMPLAINT

### COUNT I
### NON-PAYMENT OF WAGES

1. Plaintiffs hereby restate and incorporate each paragraph of this Complaint as if fully stated herein.

2. Defendants' failure to pay Massachusetts employees all payroll wages due to them within the timeframe established within the Wage Act violates M.G.L. c. 149, § 148.

3. This claim is brought pursuant to M.G.L. c. 149, § 150.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action.

2. An award of damages for all wages and other losses to which Plaintiff and similarly situated employees are entitled.

3. Statutory trebling of all wage-related damages.

4. Attorneys' fees, costs, and interest; and

5. Such further relief as the Court deems fair and just.

## JURY DEMAND

Plaintiffs demand a TRIAL BY JURY on all claims so triable.

Respectfully Submitted, Plaintiffs,

Dated: February 20, 2024

Volkan Turgut, *individually, on behalf Himself and of all others similarly situated*,

By His Attorney,

*/s/ Ilir Kavaja*
Ilir Kavaja, BBO No. 682574
Kavaja Law, P.C.
92 State Street, 8th Fl.
Boston, MA 02109
(617) 515-5545
ilir@kavajalaw.com

*/s/ Eric LeBlanc*
Eric R. LeBlanc, BBO No. 666786
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800
eleblanc@bennettandbelfort.com

| CIVIL ACTION COVER SHEET | DOCKET NO(S) B.L.S. 2484CV 474 | Trial Court Of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|
| PLAINTIFF(S) VOKAN TURGUT | | DEFENDANT(S) HITACHI RAIL STS USA, INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Board of Bar Overseers number ILIR KAVAJA (682574) Kavaja Law, PC 92 State St. 8th Fl. Boston, MA 02109 (617) 515-5545, and ERIC LEBLANC (666786), Bennett & Belfort, PC, 24 Thorndike St., Ste. 300, Cambridge, MA 02141, (617) 557-8800 | | ATTORNEY (if known) |

Origin Code Original Complaint
A99

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) CODE NO. TYPE OF ACTION (specify) TRACK IS THIS A JURY CASE? *
_____ (B) ☑ Yes ☐ No

# BA2

The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.

This is a class-action Complaint arising from Defendant's failure to pay wages in a timely manner to employees, in each pay-period, in violation of the Massachusetts Wage Act, G.L. c. 149, sec. 148.

* A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT.

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods." Signature of Attorney of Record _____

Date: **February 20, 2024**

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.                                              SUPERIOR COURT
                                                          Docket No. 2484CV 474

VOLKAN TURGUT,
on behalf of himself and
others similarly situated,

Plaintiffs,

v.

HITACHI RAIL STS USA, INC.,

Defendant.

## EX-PARTE MOTION FOR APPOINTMENT OF PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, Plaintiff moves for the appointment of Dewsnap & Associates, LLC, of Boston, Massachusetts, as process server for the Plaintiff in the above-captioned matter. Individuals employed by Dewsnap & Associates are over the age of 18, not a party to this action, and are experienced process servers.

Respectfully Submitted, Plaintiffs,
Volkan Turgut, *individually, on behalf himself and of all others similarly situated,*

By His Attorneys,

*/s/ Ilir Kavaja*
Ilir Kavaja, BBO No. 682574
Kavaja Law, P.C.
92 State Street, 8th Fl.
Boston, MA 02109
(617) 515-5545
ilir@kavajalaw.com

*/s/ Eric LeBlanc*
Eric R. LeBlanc, BBO No. 666786
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800
eleblanc@bennettandbelfort.com

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: **2484CV00474-BLS2**

Notice Sent
2/21/24
S.R.

Case:   Turgut v. Hitachi Rail STS, USA, Inc.

### NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to **BLS2**.

Hereafter, as shown above, all parties must include the initials "BLS2" at the end of the docket number on all filings.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to the appropriate BLS Session Clerk at Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel. Before the Rule 16 Conference, counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Project on Discovery (counsel are directed to www.mass.gov/superior-court-business-litigation-session for description of the Project). Counsel may indicate their respective client's participation by completing, filing, and serving the attached form. If by the date of the initial Rule 16 Conference, not all parties have given notice of their participation, counsel shall be prepared to discuss at that conference whether their clients will participate in the Project.

The Court requests that plaintiff's counsel serve on opposing parties a copy of this notice and the attached form.

Dated: February 20, 2024

/s/ Kenneth W. Salinger

Kenneth W. Salinger
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court – Business Litigation Session**

CIVIL DOCKET#: _____

Case: _____

      As you may know, the Business Litigation Session began implementing a Discovery Project in January, 2010. This project is available on a voluntary basis for all new cases accepted into the BLS and for cases which have not previously had an initial case management conference. Counsel should be prepared to discuss the project with the Court at the initial case management conference. For a detailed copy of the BLS Discovery Project, counsel are directed to the Trial Court home page at: www.mass.gov/superior-court-business-litigation-session)

      If a party is willing to participate in the project, that party's counsel should so indicate below and return this form to the appropriate session clerk.

    ___ (Check) **Yes,** _____ is willing to participate in the Discovery Project.
                       (Party's Name)

Case Name _____

Docket Number CIVIL DOCKET#: _____

Counsel For_____        Date_____

Firm Name and Address:

_____

_____

_____

Please complete this form and return it to:

    Assistant Clerk - BLS1    **OR**    Assistant Clerk - BLS2
    BLS1, Room 1309                    BLS2, Room 1017
    3 Pemberton Square                3 Pemberton Square
    Boston, MA 02108                   Boston, MA 02108

| Summons | CIVIL DOCKET NO. 2484CV00474 BLS-2 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| MH | | |
| CASE NAME: Volkan Turgut, et. al Plaintiff(s) vs. Hitachi Rail STS USA, Inc. Defendant(s) | | John E. Powers III  Acting Clerk of Courts<br>Suffolk County<br>COURT NAME & ADDRESS:<br>Suffolk Superior Civil Court<br>Three Pemberton Square<br>Boston, MA. 02108 |

THIS SUMMONS IS DIRECTED TO **Hitachi Rail STS USA Inc.** (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this Summons and the original Complaint has been filed in the **Suffolk Superior** Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

**1. You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the Court may decide the case against you and award the Plaintiff everything asked for in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

**2. How to Respond.**

To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff's attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, **Suffolk Superior** Court **3 Pemberton Sq. 12th fl. Boston, MA 02108** (address), by mail, in person, or electronically through the web portal www.eFileMA.com if the Complaint was e-filed through that portal, **AND**

b) Delivering or mailing **a copy** of your response to the Plaintiff's attorney/Plaintiff at the following address:
**Ilir Kavaja, Esq. 92 State St. 8th fl. Boston, MA 02109**
**Eric LeBlanc, Esq. 24 Thorndike St. Ste. 300, Cambridge, MA 02139**

**3. What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff (referred to as "counterclaims") that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

**3. (cont.)** Another way to respond to a Complaint is by filing a "Motion to Dismiss," if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Rule 12 of the Massachusetts Rules of Civil Procedure**. If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

www.mass.gov/law-library/massachusetts-superior-court-rules

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings.**

The "Civil Docket No." appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Michael D. Ricciuti , Chief Justice on _____ , 20____ . (Seal)

Acting Clerk

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ , I served a copy of this Summons, together with a copy of the Complaint in this action, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

Dated: _____      Signature: _____

**N.B. TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

Date:

rev. 1/2023

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on **February 27, 2024 @ 11:10 am**, I served a copy of the summons together with a copy of the complaint in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4(d) (1-5):
By delivering "in hand" upon Bernardo Montanez, Process Specialist, CORPORATION SERVICE COMPANY, REGISTERED AGENT, for HITACHI RAIL STS USA, INC. at 84 STATE STREET, BOSTON, MA 02109.

Dated: February 27, 2024     Signature: William H. Dewsnap III, Special Process Server & Disinterested Person

N. B.     To Process Server:

Please enter the date that you made service on the defendant in this box - Both on the original summons and on the copy of the summons served on the defendant.

February 27, 2024

Documents Served: Summons; Ex-Parte Motion for Appointment of Process Server; Civil Tracking Order; Civil Action Cover Sheet; and Class Action Complaint and Demand for Jury Trial.

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                          SUPERIOR COURT
                                                                      Docket No. 2484CV 474

VOLKAN TURGUT,
on behalf of himself and
others similarly situated,

Plaintiffs,

v.

HITACHI RAIL STS USA, INC.,

Defendant.

## EX-PARTE MOTION FOR APPOINTMENT OF PROCESS SERVER

Pursuant to Rule 4(c) of the Massachusetts Rules of Civil Procedure, Plaintiff moves for the appointment of Dewsnap & Associates, LLC, of Boston, Massachusetts, as process server for the Plaintiff in the above-captioned matter. Individuals employed by Dewsnap & Associates are over the age of 18, not a party to this action, and are experienced process servers.

Respectfully Submitted, Plaintiffs,
Volkan Turgut, *individually, on behalf himself and of all others similarly situated*,

By His Attorneys,

/s/ Ilir Kavaja
Ilir Kavaja, BBO No. 682574
Kavaja Law, P.C.
92 State Street, 8th Fl.
Boston, MA 02109
(617) 515-5545
ilir@kavajalaw.com

/s/ Eric LeBlanc
Eric R. LeBlanc, BBO No. 666786
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617) 577-8800
eleblanc@bennettandbelfort.com

2/06/24 Allowed (Springer, J) Attest: [signature] Asst Clerk