UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VOLKAN TURGUT,<br>*on behalf of himself and others similarly situated,*<br><br>           Plaintiffs,<br><br>v.<br><br>HITACHI RAIL STS USA, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 24-CV-10660-AK<br>)<br>)<br>)<br>)<br>)<br>) |

**PROTECTIVE ORDER**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**DEFINITIONS**

1.       The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2.       The term "materials" will include, but is not be limited to: documents;

1

correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; videos; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; records; reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

  3. The term "Counsel" will mean

  (i) outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below

- DTO Law;
- Fisher Philips;
- Kavaja Law, P.C.;
- Bennett & Belfort, P.C.; and

(ii) in-house attorneys at Hitachi Rail STS USA, Inc.

  4. The term "Expert" means a person with specialized knowledge, skill, experience, training or education in a matter pertinent to the litigation who has been retained by a party or Counsel to serve as an expert witness or as a non-testifying expert consultant and is not a current employee or independent contractor of a party or anticipated to become an employee or independent contractor of a party during the pendency of the litigation. For avoidance of doubt, an independent Expert who is retained solely for purposes of this litigation is not an "employee or independent contractor" for purposes of this provision.

## **GENERAL RULES**

  5. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes

should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

      a.      Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

      b.      Designation as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, compensation, financial or other commercial information.

      6.      In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

      7.      Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party or person:

      a.      the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," if not so designated on the record; a party may request in writing up to a fourteen (14) day extension to provide such designations, and reasonable requests for an extension shall not be refused;

      b.     the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 9 below; and

      c.     the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or the like, as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

      8.     All confidential information designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth herein and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

      9.     Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" must be viewed only by Counsel (as defined in Paragraph 3) of the receiving party, by independent Experts, including employees of such Experts reasonably necessary to assist in this litigation, and by court personnel. This information may also be viewed by the additional vendors or individuals listed below, provided each such vendor or individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing a copy of the Acknowledgment and Agreement to Be Bound form attached hereto as Exhibit A:

      a)     Vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and imaging, organizing, storing, or retrieving

data in any form or medium) and their employees and subcontractors;

      b)      Professional jury or trial consultants, and mock jurors; and

      c)      Stenographic and clerical services associated with the vendors and individuals identified above.

      10.      Information designated "CONFIDENTIAL" must be viewed only by those individuals identified in Paragraph 9 and other individuals and vendors subject to the terms of Paragraph 9, above. This information may also be viewed by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by executing a copy of the Acknowledgment and Agreement to Be Bound form attached hereto as Exhibit A, and a copy of the executed Acknowledgement and Agreement to Be Bound has been provided to the producing party:

      a.      Executives who are required to participate in policy decisions with reference to this action;

      b.      Financial and technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action;

      c.      Clerical employees associated with the individuals identified in subsections a. and b. above.

      11.      With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same at a deposition, court hearing, or trial, or as needed in preparation for that person's testimony at a deposition, court hearing, or trial.

      12.      All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of Counsel for the receiving party identified in Paragraph 3, except that independent Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for

their participation in this litigation.

13.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

14.     No document may be filed under seal, except pursuant to a court order that authorizes the sealing of the particular document, or portion of the document. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. **The request must be narrowly tailored to seek sealing only of the confidential or privileged material.**

15.     Any party desiring or intending to file with the Court any Confidential Information or any motion, brief, letter, transcript or other paper containing or describing any Confidential Information, shall do so only after filing and obtaining the Court's ruling on a motion for impoundment pursuant to L.R. 7.2. The parties' confidentiality designations do not bind the Court. Therefore, a party seeking to file any document under seal must have good cause for asserting confidentiality beyond a mere designation of confidentiality under this order.

16.     If a party is seeking to file a document containing its own Confidential Information, it must provide specific reasons for the request. Before filing material designated by another party as confidential, counsel for the party intending to file the Confidential Information shall confer with counsel for the designating party as to whether filing under seal is necessary for the particular material at issue. If the parties so agree, Confidential Information not filed under seal will continue to be protected by the protective order. Otherwise, the filing party shall file a motion to seal and the designating party must file a statement supporting the request to seal within two weeks of the filing of the motion to seal. The parties shall file in the public docket redacted versions of any proposed sealed filings. The parties shall also simultaneously submit unredacted courtesy copies of any proposed sealed filings to the Clerk's Office, clearly marked NOT FOR DOCKETING – COURTESY COPY – SEALED FILING.

17. At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. However, the party objecting to a confidentiality designation must notify, in writing, Counsel for the designating party of the objected-to materials and the grounds for the objection within thirty (30) days of the designation. If the dispute is not resolved consensually between the parties within ten (10) days of receipt of such a notice of objection, the designating party may move the Court for a ruling on the appropriateness of the confidentiality designation. This means the parties must meet and confer before escalating the dispute to the Court. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. The burden of persuasion in any such challenge proceeding shall be on the designating party.

18. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

19. In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by such third party, such third party may elect to have its information treated in accordance with the terms of this Order by so notifying Counsel for all parties in writing. Upon service of such notice, such third party may designate documents

and information in the same manner as a designating party in under this Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action. The parties to this action may object to such a designation as set out under Paragraph 17, above, and these objections will be resolved in the same manner as prescribed under that Paragraph.

20. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

21. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or the like to indicate that it is subject to this Order.

22. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

23. The production of privileged or work-product protected documents, electronically stored information or other information, whether inadvertent or otherwise, is not a waiver of the privilege, doctrine, immunity, or protection from discovery in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by attorney-client privilege and work product immunity law, including Federal Rule of Evidence 502. If a

receiving party discovers that information or documents may have been inadvertently or otherwise unintentionally produced or provided, it shall notify the producing party in writing as soon as reasonably practicable after learning of the disclosure. If a party inadvertently or otherwise unintentionally produces or provides information or documents that it believes is subject to a claim of an applicable privilege, doctrine, immunity, or protection from discovery, the producing party may give written notice to the receiving party or parties that the information or material is subject to a claim of privilege (that written notice must describe the basis, correlated to each document (including identifying the production number), for withholding each document in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim as set forth in Rule 26(b)(5)(A)(ii)), and request that the information or material be returned to the producing party or destroyed. If a producing party requests the return or destruction, pursuant to this Paragraph, of any discovery, the receiving party or parties shall not use or disclose the information or material, and within seven (7) days shall return to the producing party all copies of such information or material (if a true original) or confirm that all copies of such information or material have been destroyed. Return or destruction of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is properly subject to a claim of privilege, nor shall it foreclose any party from moving the Court for an order that such information or material has been improperly designated for reasons other than a waiver caused by the inadvertent production. In so moving the Court, the party may request *in camera* review of the information or material, but under no circumstances may the receiving party use the information or material for any purpose other than to challenge the purported improper designation.

24. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that the contents of the information must not be disclosed.

25. This Order will be without prejudice to the right of any party to oppose production

of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure or other applicable law.

26. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

27. Within sixty (60) days of the final termination of this action, including any and all appeals, Counsel for each party must destroy all confidential information received from the producing party, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, if the producing party notifies the receiving party within fourteen (14) days of the final termination that it elects the return rather than the destruction of confidential materials, the receiving party shall promptly return such information, but in no event shall such return occur more than sixty (60) days of the final termination of this action. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials, including archival or disaster recovery back-ups of the email of Counsel, that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product, including the archival or disaster recovery back-ups of the email of Counsel, will continue to be bound by this Order with respect to all such retained information. The receiving party must provide a written certification to the producing party within sixty (60) days after final termination that affirms that the receiving party has not retained any of the producing party's confidential information except as permitted by this Order.

28. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its

employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

29. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

30. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

31. This Order may be modified by agreement of the parties, subject to approval by the Court.

32. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**SO ORDERED.**

Dated: November 26, 2025          /s/ Angel Kelley
                                  Hon. Angel Kelley
                                  United States District Judge