UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VOLKAN TURGUT, on behalf of himself and others similarly situated, </br></br>        Plaintiff,</br></br>v.</br></br>HITACHI RAIL STS USA, INC.,</br></br>        Defendant. | Civil Action No. 24-cv-10660-AK |

**MEMORANDUM AND ORDER ON
PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

**ANGEL KELLEY, D.J.**

Plaintiff Volkan Turgut filed a Motion for Protective Order and Administrative Stay to stop Defendant Hitachi Rail STS USA, Inc. from requesting and receiving documents from non-party Charles Schwab Bank, SSB ("Schwab"). [Dkt. 57]. For the following reasons, Plaintiff's Motion for Protective Order [Dkt. 57] is **GRANTED IN PART** and **DENIED IN PART**.

**I.      BACKGROUND**

Plaintiff, on behalf of himself and others similarly situated, alleges that Defendant violated the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, by paying its employees more than six days after termination of the pay period. As part of its written discovery, Defendant issued a third-party subpoena to Schwab requesting the following documents:

- Request 1: "All bank statements associated with Plaintiff's Charles Schwab bank account (Account No. [Redacted] and any other bank account Plaintiff holds with Your institution from January 2023 to April 2024."
- Request 2: "All Documents reflecting the date(s) on which funds from Hitachi Rail were directly deposited in Plaintiffs Bank Account No. [Redacted] and any other bank account Plaintiff holds with Your institution from January 2023 to April 2024.

1

- <u>Request 3</u>: "All Documents reflecting how You process direct deposits from Hitachi Rail."
- <u>Request 4</u>: "All Documents reflecting any policies regarding direct deposits and/or deposits of payroll applicable to Charles Schwab Bank Account No. [Redacted] or any other bank account Plaintiff holds with Your institution, including when deposited payroll funds could be accessed by account holders and/or whether funds from such deposits are identified as 'available' or 'pending' prior to the funds being 'posted.'"
- <u>Request 5</u>: "All Communications with Plaintiff regarding direct deposits to Charles Schwab bank Account No. [Redacted] or any other bank account Plaintiff holds with Your institution and/or Plaintiffs wages."
- <u>Request 6</u>: "All Documents reflecting the date and time when any funds from Hitachi Rail were received by You in connection with Plaintiffs Bank Account No. [Redacted] or any other bank account Plaintiff holds with Your institution."
- <u>Request 7</u>: "All Documents reflecting the date and time when any funds from Hitachi Rail were deposited into Plaintiffs Bank Account No. [Redacted] or any other bank account Plaintiff holds with Your institution, including when such funds available for Plaintiff to access, and when such funds were posted"
- <u>Request 8</u>: "Documents providing a legend and definitions for any abbreviations used in the other Documents provided."

[Dkt. 58-1 at 8-10].

Plaintiff challenges the relevancy and breadth of Requests 1-7, while Defendant alleges that the requests are narrowly tailored to elicit relevant information regarding Plaintiff's claims and damages.

Before entering into fact discovery, the parties submitted, and the Court approved, a protective order providing additional protection from public disclosure of sensitive information discovered in this case. [Dkt. 48].

## II.    LEGAL STANDARD

Rule 26(b) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

2

whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. Moreover, "because 'discovery itself is designed to help define and clarify the issues,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig., No. MDL 13-2419-FDS, 2013 WL 6058483, at *3 (D. Mass. Nov. 13, 2013) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Discovery sought through third-party subpoenas must fall within Rule 26(b)(1)'s scope. Smith v. Turbocombustor Tech., Inc., 338 F.R.D. 174, 176 (D. Mass. 2021). The burden of establishing the relevance of the requested information is on the subpoenaing party. Id.

### III.   DISCUSSION

#### A.   Document Request 1

Defendant alleges that Request 1, for "[a]ll bank statements" associated with Plaintiff's accounts is relevant to assessing damages in the case. [Dkt. 63]. In support of this argument, Defendant points to Plaintiff's complaint, which requested "[a]n award for damages for all wages and other losses to which Plaintiff . . . [is] entitled." In response, Plaintiff states that they are only requesting "statutory damages under the Wage Act; the statute's mandatory remedy for unpaid wages, not consequential damages for financial hardship or other losses." [Dkt. 58 at 9].

Under the Wage Act, a prevailing employee "shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits." Mass. Gen. Laws ch. 149, § 150. Even if Plaintiff is only requesting liquidated damages, the treble damages under the Wage Act must be based upon some underlying amount of "lost wages and other benefits." Plaintiff's bank

statements are relevant to assess his "lost wages and other benefits." The request is proportional, as it is time-limited to the period during which Plaintiff worked for Defendant.

### B.    Document Requests 2-7

Document Requests 2-7 seeks information regarding how Schwab processed deposits from Defendant to Plaintiff's account. These requests are relevant because payment is complete under the Wage Act when the "recipient of the funds has some control over the funds." Clermont v. Monster Worldwide, Inc., 102 F. Supp. 3d 353, 356 (D. Mass. 2015).

Although the requests are relevant, Requests 3-7 are overbroad because they contain no temporal limitation. These requests should be limited to the period relevant to this action. See Briddell v. Saint Gobain Abrasives Inc., 233 F.R.D. 57, 60 (D. Mass. 2005) (court may limit discovery of otherwise relevant information "geographically and temporally" when necessary "to avoid overly broad and unduly burdensome requests") (citing Glenn v. Williams, 209 F.R.D. 279, 281 (D.D.C. 2002)). Plaintiff alleges that Defendant has been violating the Wage Act since February 2021 and seeks to represent a class of Defendant's employees who were harmed by Defendants actions since February 2021. As such, Requests 3-7 shall be limited to the period of time from February 2021 to the present.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective Order [Dkt. 57] is **GRANTED IN PART** and **DENIED IN PART**. Requests 1 and 2 are permitted as they are. Requests 3-7 shall be temporally limited from February 2021 to the present.

**SO ORDERED.**

Dated: January 23, 2026                                                      /s/ Angel Kelley
                                                                                         Hon. Angel Kelley
                                                                                         United States District Judge